UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN WILLIAMS,<br><br>   Plaintiff,<br><br>   v.<br><br>UNKNOWN, et al.,<br><br>   Defendants. | No. 2: 20-cv-1950 KJM KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

1  amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
2  § 1915(b)(2).

3  The court is required to screen complaints brought by prisoners seeking relief against a
4  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
5  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
6  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
7  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

8  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
9  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
10  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
11  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
12  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
13  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
14  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
15  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
16  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
17  1227.

18  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
19  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
20  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
21  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
22  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
23  formulaic recitation of the elements of a cause of action;" it must contain factual allegations
24  sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.
25  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the
26  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.
27  Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal
28  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

On September 16, 2020, plaintiff filed the original complaint. (ECF No. 1.) On October 28, 2020, plaintiff filed a first amended complaint. (ECF No. 18.) Good cause appearing, the undersigned herein screens the first amended complaint. Fed. R. Civ. P. 15.

Plaintiff' first amended complaint contains three claims. In claim one, plaintiff appears to allege that he is not being protected from other inmates who have COVID-19 at Folsom State Prison ("Folsom"), where plaintiff is incarcerated. (ECF No. 18 at 13.) Plaintiff also alleges that there are no procedures in place to test, contain, sterilize or adequately treat COVID-19. (Id.) Plaintiff alleges that these conditions violate the Eighth Amendment. (Id.)

No defendants are linked to plaintiff's allegations in claim one. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant

1  holds a supervisorial position, the causal link between him and the claimed constitutional

2  violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979)

3  (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d

4  438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert.

5  denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of

6  official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673

7  F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal

8  participation is insufficient).

9       Claim one is dismissed based on plaintiff's failure to link any defendants to the

10 deprivations alleged in claim one. If plaintiff files a second amended complaint, he shall identify

11 those defendants responsible for the deprivations alleged in claim one. In other words, plaintiff

12 shall name as defendants only those officials allegedly responsible for his exposure to inmates

13 with COVID-19 and the failure to receive testing, etc. Plaintiff must specifically describe each

14 defendants' involvement in the alleged deprivations. Plaintiff shall also describe in more detail

15 his own exposure to inmates with COVID-19, his inability to receive testing, the inadequate

16 sterilization and treatment.

17      In claim two, plaintiff alleges that he is being denied access to the law library in violation

18 of his right to access the courts. (ECF No. 18 at 18.)

19      To state a claim for denial of access to the courts, a plaintiff must establish that he or she

20 suffered an "actual injury"—that is, "actual prejudice with respect to contemplated or existing

21 litigation, such as the inability to meet a filing deadline or to present a claim." Nev. Dep't of

22 Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis v. Casey, 518 U.S. 343, 348

23 (1996)). "Actual injury is a jurisdictional requirement that flows from the standing doctrine and

24 may not be waived." Id. Even if delays in providing legal materials or assistance result in actual

25 injury, they are "not of constitutional significance" if "they are the product of prison regulations

26 reasonably related to legitimate penological interests." Lewis, 518 U.S. at 362. In addition, the

27 right of access to the courts extends only to direct criminal appeals, petitions for writs of habeas

28 corpus, and civil rights actions brought under section 1983 to vindicate basic constitutional rights.

See id. at 354. (citations omitted).

While plaintiff alleges that he has missed his court deadlines "on several occasions," (ECF No. 18 at 18), plaintiff does not identify the cases in which he missed deadlines. Plaintiff also does not state whether he sought and was granted extensions of time in those cases in which he missed deadlines. Plaintiff does not allege, for example, that any action was dismissed based on his failure to meet a deadline as a result of inadequate law library access. Without this information, the undersigned cannot determine whether plaintiff has stated a potentially colorable claim for relief. Accordingly, claim two is dismissed.

In claim three, plaintiff alleges a RICO claim. (Id. at 19.) RICO provides a private cause of action for "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. § 1962]." 18 U.S.C. § 1964(c). To state a RICO claim, plaintiff must allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's business or property." United Broth. Of Carpenters and Joiners of America v. Bldg. & Const. Trades Dept., AFL-CIO, 770 F.3d 834, 837 (9th Cir. 2014) (internal citation and quotations omitted).

Plaintiff has not pled adequate facts in support of any of the five elements of a RICO claim, as set forth above. Accordingly, plaintiff's RICO claim is dismissed.

Finally, the undersigned observes that plaintiff's claims appear to be unrelated. Federal Rule of Civil Procedure 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). See also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated defendants belong in different suits").

If plaintiff files a second amended complaint, plaintiff is cautioned that the undersigned will only allow plaintiff to proceed with claims that are related. The undersigned will recommend dismissal of claims that are unrelated.

////

For the reasons discussed above, plaintiff's first amended complaint is dismissed with leave to amend. If plaintiff files a second amended complaint, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's amended complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Second Amended Complaint.

Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended complaint must also bear the docket number assigned to this case and must be labeled "Second

////

////

Amended Complaint." Failure to file a second amended complaint in accordance with this order may result in the dismissal of this action.

Dated: November 9, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Will1950.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN WILLIAMS,<br><br>   Plaintiff,<br><br> v.<br><br>UNKNOWN, et al.,<br><br>   Defendant. | No. 2: 20-cv-1950 KJM KJN P<br><br><br>NOTICE OF AMENDMENT |

  Plaintiff hereby submits the following document in compliance with the court's order filed_____.

_____     Amended Complaint

DATED:

              _____
              Plaintiff