UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNKNOWN,<br><br>　　　　　Defendant. | No.  2: 20-cv-1950 KJM KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Introduction

　　　　Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's second amended complaint filed December 9, 2020.  (ECF No. 26.)  On December 21, 2020, plaintiff filed a motion to amend in support of the second amended complaint.  (ECF No. 32.)

Discussion

　　　　Plaintiff's second amended complaint contains three claims.  In claim one, plaintiff appears to request that the court order his release from prison based on allegedly unsafe conditions created by the COVID-19 pandemic.  (ECF No. 26 at 7-9.)  (Id.)  In claim two, plaintiff alleges denial of access to the courts.  (Id. at 10-13.)  In claim three, plaintiff appears to raise claims challenging the validity of his criminal conviction.  (Id. at 14-19.)

////

1

As the undersigned advised plaintiff in the November 9, 2020 order dismissing the first amended complaint, Federal Rule of Civil Procedure 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). See also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated defendants belong in different suits.") (See ECF No. 20 at 5.)

In claim two, plaintiff alleges that his right to access the courts has been violated due to 1) law library closures; 2) small or inadequate law library space; 3) frequent closures; 4) overcrowding impacting law library access; and 5) prison officials misconstruing regulations regarding inmate law library access. (ECF No. 26 at 10.) Plaintiff alleges that a petition for review filed in the California Supreme Court and an appeal filed in the Ninth Circuit Court of Appeals were denied due to inadequate law library access. (Id. at 10-11.) Named as defendants in claim two are Warden Hill, K. Spencer, M. Colvin and Sergeant Johnson. (Id. at 10.)

Claim two, alleging inadequate law library access, and claim three, challenging the validity of plaintiff's conviction, are unrelated to claim one. Accordingly, the undersigned recommends that claim two, alleging inadequate law library access, and claim three be dismissed as improperly joined.

In claim one, plaintiff alleges that on March 4, 2020, he filed a Reasonable Accommodation Request seeking industrial strength cleaning supplies, materials, wipes, gloves, netting and to remain single celled until the end of the COVID-19 pandemic. (Id. at 7.) Plaintiff alleges that defendants Villegas, Sahota, Cho, Carrillo, Brager, Anays, Arroyo, Burns, Kauffman and Gallman arbitrarily denied this request. (Id.)

In claim one, plaintiff also alleges that he filed an appeal addressed to T. Kimura-Yip requesting that he be medically paroled due to his underlying mental and medical health concerns, age, ethnicity, religion and diet. (Id. at 7-8.) Although not specifically alleged, it appears that T. Kimura-Yip denied this grievance. Plaintiff alleges that in November 2020, he was forced to file

1  another grievance after being moved to a cell where his neighbor in the next cell was recovering
2  from COVID-19.  (Id. at 8.)  Plaintiff alleges that Rick Hill and the California Department of
3  Corrections and Rehabilitation ("CDCR") are violating the Eighth Amendment by continuing to
4  confine plaintiff, who is at high risk of complications from COVID-19.  (Id. at 9.)  Plaintiff
5  alleges that "just today" in his building, five new cases of COVID-19 were reported.  (Id.)

6        At the conclusion of his discussion of claim one, plaintiff states that "to remedy this
7  violation, this court must order plaintiff's release."  (Id.)  Plaintiff does not seek any other relief.

8        Release from custody is not an available remedy for an Eighth Amendment violation.
9  Preiser v. Rodriguez, 411 U.S. 475, 479 (1973) ("Release from custody is not an available
10 remedy under the Civil Rights Act").  Accordingly, the undersigned herein recommends dismissal
11 of plaintiff's claim seeking release from custody.

12       To the extent plaintiff seeks release, he is informed that habeas is the "exclusive remedy"
13 for inmates who seek "'immediate or speedier release'" from confinement.  Skinner v. Switzer,
14 562 U.S. 521, 533-34 (2011) (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)).
15 Additionally, plaintiff cannot contest a denial of parole or denial of a motion for compassionate
16 release in federal court.  Swarthout v. Cooke, 562 U.S. 216, 219-22 (2011) (a federal court's
17 review of a parole denial is limited to a determination regarding due process procedures rather
18 than whether the decision was correct); Ransom v. Adams, 313 Fed.Appx. 948, 949 (9th Cir.
19 2009) (affirming dismissal of petitioner's claim that he was entitled to compassionate release
20 because an assertion that state officials failed to follow state law is not cognizable in federal
21 court); Tucker v. Department of Corrections, 2013 WL 1091282, at *1 (E.D. Cal. Mar. 15, 2013)
22 ("A plea for compassionate release is not one which federal courts, sitting in habeas, or any other
23 situation, are entitled to act upon.").

24       For the reasons discussed above, claim one is dismissed with leave to amend.  If plaintiff
25 files a third amended complaint, he may only include claims concerning conditions of
26 confinement related to COVID-19.  Plaintiff shall clarify the relief sought in the third amended
27 complaint.  Plaintiff shall not request release from custody as a remedy.  If plaintiff files a third
28 amended complaint that does not comply with these orders, the undersigned will recommend

1  dismissal of this action.

2      In claim two, plaintiff also alleges that prison officials improperly opened and read his

3  petition for medical parole. (ECF No. 26 at 11-12.) Plaintiff also alleges that he submitted his

4  medical parole forms to Lynette Deeds and now "no one knows where the CDCR 7478 EMP

5  forms are…" (Id.) Plaintiff does not identify the relief sought with this claim. It is unclear if

6  these allegations are made in support of plaintiff's request for compassionate release, or whether

7  plaintiff is seeking to raise a separate claim. Accordingly, plaintiff's claim regarding the alleged

8  mishandling of his petition for medical parole, raised in claim two, is dismissed with leave to

9  amend.

10      Accordingly, IT IS HEREBY ORDERED that:

11  1. Claim one and the part of claim two alleging mishandling of plaintiff's petition for

12      medical parole are dismissed with thirty days to file a third amended complaint; failure

13      to file a third amended complaint within that time on the form provided by the Clerk

14      of the Court will result in a recommendation of dismissal of this action;

15  2. The Clerk of the Court is directed to send plaintiff the form for a civil rights

16      complaint; and

17  IT IS HEREBY RECOMMENDED that:

18  1. Plaintiff's motion to amend (ECF No. 32) be denied as to claim two, alleging denial

19      of access to the courts, claim three, and the request for release from custody, contained

20      in claim one;

21  2. Claim two, alleging denial of access to the courts, and claim three be dismissed as

22      improperly joined;

23  3. Plaintiff's request for release from custody, contained in claim one, be dismissed as

24      improperly raised in a civil rights action.

25      These findings and recommendations are submitted to the United States District Judge

26  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

27  after being served with these findings and recommendations, plaintiff may file written objections

28  with the court and serve a copy on all parties. Such a document should be captioned

4

"Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 25, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Will1950.am