UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN WILLIAMS,<br><br>       Plaintiff,<br><br>   v.<br><br>UNKNOWN, et al.,<br><br>       Defendants. | No. 2: 20-cv-1950 KJM KJN P<br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. For the reasons stated herein, plaintiff's third amended complaint is dismissed with leave to amend.

Background

Plaintiff filed the original complaint on September 16, 2020. (ECF No. 1.) On October 28, 2020, plaintiff filed a first amended complaint. (ECF No. 18.) On November 9, 2020, the undersigned dismissed the amended complaint with leave to file a second amended complaint. (ECF No. 20.)

On December 9, 2020, plaintiff filed a second amended complaint. (ECF No. 26.) On March 25, 2021, the undersigned issued an order and findings and recommendations addressing plaintiff's second amended complaint. (ECF No. 38.) In claim one of the second amended complaint, plaintiff appeared to request a court order for his release from prison based on

1

1  allegedly unsafe conditions caused by the COVID-19 pandemic.  (Id.)  The undersigned
2  recommended that claim two, alleging denial of access to the courts, and claim three, challenging
3  the validity of plaintiff's conviction, be dismissed as improperly joined to claim one.  (Id.)  The
4  undersigned also recommended that plaintiff's request for release from custody, contained in
5  claim one, be dismissed as improperly raised in a civil rights action.  (Id.)  The undersigned
6  granted plaintiff leave to file a third amended complaint raising claims regarding conditions of
7  confinement related to the COVID-19 pandemic.  (Id.)  The undersigned also dismissed with
8  leave to amend plaintiff's claim alleging that prison officials improperly read his petition for
9  medical parole raised in claim two.  (Id.)

10  On April 8, 2021, plaintiff filed a third amended complaint.  (ECF No. 39.)

11  On September 28, 2021, the Honorable Kimberly J. Mueller adopted the March 25, 2021
12  findings and recommendations, except for the recommendation that plaintiff's request for release
13  from custody be dismissed as improperly raised in a civil rights action.  (ECF No. 61.)  Judge
14  Mueller dismissed with leave to amend plaintiff's request for release from custody claim,
15  contained in claim one, based on allegedly unsafe conditions created by the COVID-19 pandemic.
16  (Id.)

17  Based on Judge Mueller's September 28, 2021 order, on October 1, 2021, the undersigned
18  granted plaintiff thirty days to file a fourth amended complaint.  (ECF No. 62.)  If plaintiff did not
19  file a fourth amended complaint within that time, the undersigned would screen the third amended
20  complaint filed April 8, 2021.  (Id.)

21  On October 14, 2021, plaintiff filed a pleading titled, "Fourth Amended Complaint."
22  (ECF No. 64.)  This document does not include a fourth amended complaint.  (Id.)  Instead,
23  plaintiff attaches a copy of the October 1, 2021 order to this document.  (Id.)

24  Based on plaintiff's failure to file a fourth amended complaint, the undersigned herein
25  screens the third amended complaint.

26  <u>Plaintiff's Third Amended Complaint</u>

27  Plaintiff's third amended complaint contains seven pages identifying a multitude of
28  defendants.  (ECF No. 39 at 2-8.)  Plaintiff's third amended complaint contains three claims.

Claim one raises an Eighth Amendment claim (and various state law claims) based on allegedly unsafe conditions, including conditions created by the COVID-19 pandemic. (Id. at 9.) In claim two, plaintiff alleges violation of his right to access the courts. (Id. at 10.) In claim three, plaintiff raises claims challenging the validity of his conviction. (Id. at 11.)

Plaintiff's claims alleging violation of the right to access the courts and challenging the validity of his criminal conviction are unrelated to his claim challenging conditions of confinement. As discussed above, on September 28, 2021, Judge Mueller dismissed these claims raised in the second amended complaint as improperly joined to plaintiff's claim challenging conditions related to the COVID-19 pandemic. Accordingly, the undersigned finds that claims two and three of the third amended complaint are improperly joined to claim one challenging conditions of confinement.

In claim one, plaintiff alleges that he mingles with prison staff and individuals who have COVID-19. (Id. at 9.) Plaintiff alleges that the cleaning, testing and screening policies are well below adequate. (Id.) Plaintiff alleges that there are asbestos and peeling lead paint on the walls in building 5. (Id.) Plaintiff alleges that rust comes out of the faucet and shower. (Id.) Plaintiff alleges that he brought these conditions to the "FSP M.A.C. Willie Johnson," to no avail. (Id.) Willie Johnson appears to be an inmate. Plaintiff requests to remain single-celled until COVID-19 is eradicated. (Id.) Plaintiff alleges "verifiable documentation of reprisal via Sgt. Johnson and Karen Brown…" (Id.)

In order to state a claim under § 1983, a plaintiff must allege that: (1) defendant was acting under color of state law at the time the complained of act was committed; and (2) defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48 (1988). Accordingly, to the extent inmate Johnson is named as a defendant, inmate Johnson is not a proper defendant because he not a state actor.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution .

3

. . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

No defendants are linked to plaintiff's claims challenging prison conditions.  Accordingly, these claims are dismissed.

While plaintiff alleges that defendants Brown and Johnson retaliated against him, plaintiff's third amended complaint contains no allegations supporting his retaliation claim.  For this reason, the undersigned cannot determine whether plaintiff has stated a potentially colorable retaliation claim against defendants Brown and Johnson.  Ivey v. Board of Regents, 673 F.2d at

268 (complaint devoid of specific factual allegations of personal participation is insufficient). Accordingly, plaintiff's retaliation claim is dismissed.

Plaintiff is informed that, "[w]ithin the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote and citations omitted).

Plaintiff is granted one final opportunity to file an amended complaint curing the pleading defects discussed above. If plaintiff files a fourth amended complaint, he shall not include the claims previously dismissed as improperly joined.

Accordingly, IT IS HEREBY ORDERED that plaintiff's third amended complaint is dismissed with leave to file a fourth amended complaint within thirty days of the date of this order; failure to file a fourth amended complaint within that time will result in a recommendation of dismissal of this action.

Dated: January 6, 2022

_/s/ Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Will1950.dis

5